IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

TONYA and DAVID PEZZUTTI,

    Plaintiffs,

v.

AMERICAN FAMILY INSURANCE COMPANY,

    Defendant.

---

### COMPLAINT AND JURY DEMAND

---

**COME NOW** Plaintiffs, TONYA and DAVID PEZZUTTI ("Plaintiffs"), by and through their undersigned counsel, and hereby submit this their Complaint against Defendant, AMERICAN FAMILY INSURANCE COMPANY ("Defendant"), and in support of their Complaint, allege and aver as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking economic and non-economic damages arising from Defendant's breach of contract, bad faith conduct, unreasonable delay, and failure to pay in full covered benefits due and owing under Plaintiffs' first-party insurance contract.

### PARTIES

2. Plaintiffs, Tonya and David Pezzutti ("Plaintiffs" or "Pezzuttis") are individuals with their principal residence located in Jefferson County, Colorado.

3. Defendant, American Family Insurance Company ("Defendant" or "American Family") is a corporation incorporated under the laws of Wisconsin with its principal place of business in Wisconsin.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332(a) because Plaintiffs and American Family are citizens of different states and the amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5. American Family is licensed to write and issue insurance policies in the State of Colorado through the Colorado Division of Insurance.

6. American Family transacts continuous and systematic business in the State of Colorado.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to this claim occurred within the District of Colorado. Plaintiffs are residents of Colorado, and the events giving rise to Plaintiffs' property damage claims, and the adjustment thereof, occurred in this District. Venue in this District is also appropriate because this action addresses an insurance dispute involving a contract negotiated and issued in Colorado regarding a property loss that occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

8. Plaintiffs are the owners of real property located at 2240 Rockcress Way, Golden, Colorado 80410-8500 ("Property").

9. Plaintiffs purchased a residential homeowners insurance policy from Defendant under Policy Number 05-BT6399-01 (the "Policy") which included coverage for the Property.

10. The Policy was issued with effective dates of October 1, 2016 through October 1, 2017. A true and accurate copy of the Policy is attached hereto as **Exhibit "A."**

11. The Policy is a replacement cost value policy and covers loss to Plaintiffs' home.

12. Under the Policy, Defendant is obligated to pay for direct physical loss and damage to the insured premises resulting from hail and wind.

13. Under the Policy, Defendant agreed to adjust all losses with its insureds fairly and timely.

14. Plaintiffs paid the premiums due under the Policy in a timely manner, and performed all duties and responsibilities required of them under the Policy.

15. This is an insurance case arising from Defendant's continued refusal to provide full benefits to Plaintiffs based on Defendant's wrongful investigation.

16. On or about May 8, 2017, during the Policy period, Plaintiffs suffered a loss at the insured Property due to hail and/or wind.

17. The damage from the hail and/or wind constituted a covered loss under the Policy.

18. Plaintiffs timely reported the covered loss and damage to Defendant on May 8, 2017, and made a claim for the loss and damage to their property. Defendant assigned Claim Number 00865072576.

19. On or about May 17, 2017, Defendant retained and sent an independent adjuster, Joe Bigham, to inspect the Property. Joe Bigham represented that a general contractor would subsequently identify roofing and EFIS repairs that maintained manufacturer warranty conditions.

20. Defendant's representative did not climb atop the roof, but used field glasses to estimate hail damage to the roofing system.

21. Defendant provided Plaintiffs with the estimate prepared by its representative, Joe Bigham that outlined $9,753.91 in replacement cost value covered damages. A copy of the estimate is attached hereto as **Exhibit "B."**

22. On or about May 21, 2017, Defendant hired general contractors, EIS Colorado, Inc. ("EIS Colorado"), to provide a detailed analysis for the repair and construction costs related to the damages caused by hail and wind to the Property.

23. On or about May 21, 2017, EIS Colorado, the general contractor retained by Defendant to assess true damages, prepared an estimate that outlined $183,892.18 in replacement cost value damages. A copy of EIS Colorado's estimate is attached as **Exhibit "C."**

24. EIS Colorado confirmed that the roof tiles used on the Property were no longer available, nor manufactured.

25. Defendant then reassigned the claim to catastrophe adjuster, Zolile Hunte, who rejected its retained general contractor, EIS Colorado's estimate that outlined replacement cost value damages in the amount of $183,892.18.

26. Defendant's representative, Zolile Hunte, attempted to convince Plaintiffs that Defendant's hired general contractor, EIS Colorado, was not a reliable general contractor.

27. Defendant's representative, Zolile Hunte, attempted to convince Plaintiffs that a contractor was not needed for the repairs.

28. Defendant's representative, Zolile Hunte, attempted to convince Plaintiffs that they could manage the functions of a general contractor.

29. On or about June 26, 2017, Defendant hired Donan Engineering Company, Inc. ("Donan Engineering") to inspect the Property.

30. Defendant failed to properly instruct its retained engineer, Donan Engineering, to evaluate the Property for direct physical damage from hail and/or wind.

4

31. Instead, Defendant's retained engineer, Donan Engineering, defined hail damage to concrete tile as that which "measurably and significantly reduced the integrity or functionality of the roof covering."

32. Defendant's retained engineer, Donan Engineering, defined hail damage to EIFS as damage that has "resulted in a loss of functionality or integrity."

33. Defendant's retained engineer, Donan Engineering, defined hail damage to wooden decks as that which "significantly reduces the integrity or functionality of the boards."

34. On or about July 3, 2017, Defendant's retained engineer, Donan Engineering, prepared a report that applied the above described damage standards which do not exist within Plaintiffs' policy.

35. On or about July 10, 2017, Defendant prepared and sent an updated estimate on EIS Colorado letterhead which outlined $9,589.55 in replacement value cost covered damages. A copy of this altered EIS Colorado estimate is attached as **Exhibit "D."**

36. Defendant's July 10, 2017, reduced estimate ignored all information provided to date.

37. On or about July 12, 2017, Defendant prepared yet another updated estimate on Defendant's letterhead which outlined $10,634.99 in replacement value cost covered damages. A copy of this estimate is attached as **Exhibit "E."**

38. Defendant's July 12, 2017, estimate ignored all information provided to Defendant by its own representatives, Joe Bigham and EIS Colorado.

39. As a result of Defendant's underestimating the value of Plaintiffs' claim, Plaintiffs retained C3 Group, Inc., ("C3 Group") to assist them in the adjustment of the loss.

40. C3 Group inspected the loss on or about August 11, 2017, and performed a detailed estimate of the covered damages to the Property.

41. C3 Group provided Defendant a comprehensive estimate that outlined $291,652.67 in replacement cost value covered damages and $222,047.95 in actual cash value covered damages. A copy of C3 Group's estimate is attached as **Exhibit "F."**

42. Despite receipt of C3 Group's comprehensive estimate, Defendant has delayed and denied the covered damages to the Property without a reasonable basis for doing so.

43. Defendant failed to properly and timely investigate the loss, and similarly failed to timely or adequately pay Plaintiffs' claim after Plaintiff was forced to retain its own professionals to help adjust the loss.

44. Plaintiffs have fulfilled all duties required of them under the Policy after discovery of the loss.

45. Plaintiffs have performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of Defendant.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

46. Plaintiffs re-allege Paragraphs 1-45 as though full set forth herein.

47. Plaintiffs purchased an all risk policy requiring Defendant to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

48. The insurance contract between Plaintiffs and Defendant is a binding contract.

49. Plaintiffs paid premiums and otherwise performed all conditions precedent to recovery of benefits under its Policy with Defendant.

50. Plaintiffs submitted a claim under its Policy related to covered damages to its Property that occurred as the result of wind and/or hail on or about May 8, 2017, during the Policy period.

51. Defendant has denied certain covered damages and continues to deny certain claimed damages.

52. Defendant's failure to honor its obligations under the Policy is a breach of contract.

53. Defendant's breach of contract has damaged, and continues to damage Plaintiffs.

54. Plaintiffs are entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiffs, Tonya and David Pezzutti, respectfully request this Court enter judgment against Defendant, American Family Insurance Company, for damages resulting from its breach of contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
**(Bad Faith Breach of Insurance Contract)**

55. Plaintiff realleges Paragraphs 1-54 as if fully set forth herein.

56. Under the Policy and Colorado law, an insurer owes its insured the duty of good faith and fair dealing.

57. An insurer breaches its duty of good faith and fair dealing when it engages in unfair claim settlement practices.

58. Among other circumstances, Defendant has committed unfair claim settlement practices as alleged above.

59. Defendant has committed such actions willfully and with such frequency as to indicate a general business practice.

60. Defendant, its representatives, and its adjusters owed Plaintiffs the duty to act in good faith and to deal with it fairly.

61. Defendant owed Plaintiffs the non-delegable duty to investigate its claim objectively and to not look for ways to deny benefits or attempt to not pay the full amount owed.

62. Defendant owed Plaintiffs the duty to give equal consideration to the financial interests of its insureds and not to give greater consideration to its own financial interests while investigating and adjusting its insureds' claims.

63. Defendant sold Plaintiffs the Policy at issue, the intent of which was to provide benefits for covered losses that occurred during the Policy period.

64. Plaintiffs have cooperated with Defendant in the processing of their claim for the covered benefits.

65. Plaintiffs have cooperated with Defendant's investigation and has not erected any obstacles to Defendant's ability to investigate and evaluate Plaintiffs' claims for the covered benefits owed.

66. Defendant knew that Plaintiffs purchased the Policy to protect their Property in the event of a loss.

67. Defendant knew that its decision to underpay the benefits owed to Plaintiffs was intentional and not accidental.

68. Defendant knew that its decision to underpay benefits owed to Plaintiffs would cause emotional distress and harm to Plaintiffs.

69. Defendant knew that it owed an obligation of good faith and fair dealing to Plaintiffs, but misrepresented Policy benefits and failed to complete and full and fair investigation anyway.

8

70. As a direct and proximate result of Defendant's actions, Plaintiffs have:

   (a) incurred and will incur in the future increased costs to repair, restore and/or replace the significant property damage;
   (b) suffered and will continue to suffer damages as a proximate result of the misconduct alleged; and
   (c) suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, appraisal costs and fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiffs, Tonya and David Pezzutti, respectfully request this Court enter judgment against Defendant, American Family Insurance Company, for damages resulting from its breach of its duty of good faith and fair dealing, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
### (Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)

71. Plaintiffs re-allege Paragraphs 1-70 as though fully set forth herein.

72. Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

73. Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

74. Plaintiffs are a first-party claimant within the meaning of Colorado Revised Statute § 10-3-1115(1)(b)(1).

75. Plaintiffs suffered a loss covered by the Policy and submitted a claim for that loss to Defendant.

9

76. The claimed loss and damage submitted by Plaintiffs was covered by the Policy and Plaintiffs were owed covered benefits under the Policy.

77. Defendant has delayed payment of covered benefits without a reasonable basis for its actions and continues to delay benefits without a reasonable basis for its actions.

78. Defendant has denied payment of covered benefits without a reasonable basis for its actions and continues to deny benefits without a reasonable basis for its actions.

79. More specifically, Defendant has delayed payment for Plaintiffs' claim by under estimating covered damages resulting from hail and/or wind; ignoring its own retained contractor's findings of more than $180,000 in covered damages; and ignoring its adjuster's recommendations.

80. Defendant has ignored the estimate provided by its own general contractor, EIS Colorado, without a reasonable basis for doing so, providing an estimate of replacement cost value covered damages that were one-twentieth (1/20th) of those outlined by EIS Colorado.

81. Defendant delayed and denied the claim without a reasonable basis for doing so by attempting to convince Plaintiffs that a general contractor was not required for repair of the covered damages.

82. Defendant has delayed and denied the claim without a reasonable basis for doing so by denying certain covered damages that exist resulting from the May 8, 2017 hail loss.

83. Defendant has delayed and denied the claim without a reasonable basis for doing so by failing to properly instruct its retained engineer, Donan Engineering, to evaluate the Property for direct physical damage from hail.

84. Defendant has delayed and denied the claim without a reasonable basis for doing so by relying upon a damage standard that does not exist within Plaintiffs' policy – reduced

functionality and/or integrity – as erroneously supplied by its retained engineer, Donan Engineering.

85. Defendant has delayed and denied the claim without a reasonable basis for doing so by misrepresenting to Plaintiffs that coverage did not exist where hail damage did not rise to "functional damage."

86. Defendant's actions were intended to dissuade Plaintiffs in pursuing benefits due and owing under the terms of the policy in bad faith.

87. Despite clear evidence of covered damages to the Property, Defendant continues to delay and deny indemnification of its own insured without a reasonable basis for doing.

88. Plaintiffs are therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiffs, Tonya and David Pezzutti, respectfully request this Court enter judgment against Defendant, American Family Insurance Company, for damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

## REQUEST FOR JURY TRIAL

89. Plaintiff requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 13th day of September, 2017

    /s/ Larry E. Bache
    Larry E. Bache, Jr., Esq.
    Jonathan E. Bukowski, Esq,
    Merlin Law Group, PA
    999 18th Street, Suite 3000
    Denver, CO 80202
    Telephone: 303-357-2374
    Facsimile: 303-357-2377

E-Mail: lbache@merlinlawgroup.com
E-Mail: jbukowski@merlinlawgroup.com
*Attorney for Plaintiffs*